## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

PAMELA J. BALES,

                  Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

                  Defendant.

Case No. 12-CV-601-FHM

## OPINION AND ORDER

Plaintiff, Pamela J. Bales, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.   In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Procedural History

Plaintiff's May 21, 2006, application was denied and proceeded through the administrative procedures.   The denial was appealed to the district court, and was remanded to the Commissioner for further consideration.  [R. 714].   On remand a hearing before Administrative Law Judge ("ALJ") Deborah L. Rose was held January 18, 2012.  By decision dated February 10, 2012, the ALJ entered the findings that are the subject of this appeal.   [R. 645-666].   The Appeals Council denied Plaintiff's request for review on September 6, 2012.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

**Background**

Plaintiff was 46 years old on the alleged date of onset of disability and 52 at the time of the ALJ's denial decision. She formerly performed unskilled work as a make ready porter, wiring/knotting machine operator, and x-ray machine/automatic developer. She claims to have been unable to work since September 1, 2005 as a result of history of a hernia after a hysterectomy, hypothyroidism, non-insulin dependent diabetes mellitus, hypertension, obesity, bipolar disorder, and anxiety disorder.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c), except she is limited to performing only simple routine tasks.  She can work in proximity to others, but interaction with supervisors and co-workers must be superficial and incidental to the work performed.  Further, Plaintiff cannot have significant interaction with the public required for the completion of job duties.  [R. 650-51].  The ALJ determined that Plaintiff is capable of performing her past relevant work with these limitations.  [R. 657].  Further, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy at the light and medium exertional level that Plaintiff could perform with these limitations.  The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled with an alternative step five finding.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ:  failed to properly consider and weigh all medical opinions and evidence; failed to consider the effects of Plaintiff's combined mental and physical impairments; failed to properly consider the effect of Plaintiff's obesity on her impairments; and failed to perform a proper credibility analysis.

**Analysis**

In her arguments Plaintiff asserts that the ALJ erred because a reasonable ALJ viewing the evidence differently "could have" come to a different conclusion.  [Dkt. 13, pp. 3, 5, 9].  That the evidence might support a conclusion different than the one reached by the ALJ does not require remand.   "[The court] may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo."  *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007)(internal quotation marks and brackets omitted).  The fact that a different conclusion "could have" been reached is not a basis for reversing the ALJ's decision.

To the extent that these arguments can be read as an attempt to assert that a particular error is not harmless, the court notes that it has not relied on a harmless error analysis in this case.  Throughout, the court finds that the ALJ's decision is supported by substantial evidence and that the ALJ has applied appropriate standards in her decision.

<u>Consideration of Medical Opinions</u>

The record contains a Mental Impairment Questionnaire dated May 27, 2008 signed by Plaintiff's treating physician, Bryan Touchet, M.D.  Dr. Touchet opined that on average Plaintiff's mental impairments would cause her to be absent from work more than three times per month.  [R. 634].  He also found Plaintiff had marked restrictions of daily activity, extreme difficulties maintaining social functioning, and frequent deficiencies of concentration, persistence, and pace.  [R. 635].  Plaintiff argues that the ALJ improperly found Dr. Touchet's opinion unreliable because it was completed by a clinician and only

4

signed by the doctor.  Plaintiff also argues that the ALJ mentioned isolated notations in the record where Plaintiff's symptoms improved and improperly relied on those as reasons for giving Dr. Touchet's opinion little weight.

The ALJ pointed to the mix of contradictory information that convinced her that the opinion was unreliable:  Global Assessment of Functioning (GAF) scores made when Plaintiff was non-compliant with medications are not inconsistent with the finding that Plaintiff can perform simple work without significant public interaction; Dr. Touchet's opinion that Plaintiff would miss work and was unable to work due to social isolation and the inability to leave the house is contradicted by Plaintiff's report on July 17, 2007 that she is able to go by herself to do laundry and needs her mother only for transportation, [R. 594]; the form was completed by Plaintiff's counselor and only signed by Dr. Touchet; Plaintiff is not always compliant with medications; and the evidence demonstrates that her symptoms improve on medication with adequate attention and concentration.  [R. 657]. The court finds that the ALJ accurately outlined the evidence and gave a thorough explanation of the reasons she accorded Dr. Touchet's opinion limited weight.  [R. 656-57].

Plaintiff argues that evidence exists to support Dr. Touchet's opinion.  While that may be the case, it is not the court's role to re-weigh the evidence. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir.2008) (the court does not substitute its judgment for that of the agency).  The court reviews the record to determine only whether the correct standards were employed in making the decision and to determine whether the ALJ's decision is supported by substantial evidence.  The court finds that the ALJ's decision complied with the applicable standards and the decision is supported by substantial evidence.

Plaintiff argues that the ALJ erred by failing to discuss the findings contained in Dr. Sri Reddy's consultative examination report dated July 13, 2006.  [R. 263-368].  According to Plaintiff, the findings of reflexes absent in her ankles, decreased sensation in her feet, and pain with range of motion in the spine are inconsistent with the RFC finding for medium work.  The court finds no error in the ALJ's failure to discuss these findings.  Dr. Reddy found that Plaintiff had a functional range of motion in every joint listed and that Plaintiff ambulated with normal speed and good balance.  [R. 363-64].  Even if some of Dr. Reddy's findings were interpreted to cast doubt on Plaintiff's ability to do medium work, the court notes that Plaintiff has made no argument that Dr. Reddy's findings render her incapable of performing the light work identified by the vocational expert which is contained in the ALJ's decision.  However, the existence of light work is not the sole basis for the court's affirmance of the ALJ's decision.  The court finds that the ALJ applied appropriate standards and the decision is supported by substantial evidence.  The existence of light work stands as an additional reason for affirming the denial decision.

Plaintiff argues that the ALJ gave "great weight" to the opinions of the Disability Determination Service (DDS) medical consultants concerning her mental capacity, [R. 655], but the RFC does not reflect adequate consideration of the Psychiatric Review Technique (PRT) forms completed by those reviewers.  According to Plaintiff, the findings on the PRT of moderate limitations in the activities of daily living, social function, and concentration persistence or pace support the opinion of Dr. Touchet, which the ALJ found was inconsistent with the record.  There is no inconsistency between the ALJ's decision and the PRT forms completed by the DDS reviewers.  As required by the Commissioner's regulations, the ALJ followed the procedure for evaluating mental impairments set forth in

6

the regulations and documented the application of the PRT in the decision. 20 C.F.R. §§ 404.1520a(e), 416.920a(e), *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing application of the psychiatric review technique by the ALJ), *Cruse v. United States Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995) (same). The ALJ considered the effect of Plaintiff's mental impairments on the four broad areas of functioning known as the "paragraph B" criteria:  activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation of extended duration. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00 (C).  The ALJ's conclusion in performing the PRT was identical to the DDS reviewers as the ALJ also found Plaintiff had moderate impairments.  [R. 649-50].

In addition to completing the PRT form, the DDS reviewers also performed  Mental Residual Functional Capacity Assessments.  [R. 275-277; 383-385; 1079-1081].  As the title of these forms suggests, the mental RFC assessments consider Plaintiff's ability to perform work-related mental activities in light of her impairments.  The ALJ adopted the most restrictive of the mental RFC assessments which contained the opinion that Plaintiff is able to perform simple tasks with routine supervision, can relate to supervisors and peers on a superficial work basis, cannot relate to the general public, and can adapt to a work situation.  [R. 1081].  The court finds no error in the ALJ's treatment of the DDS reviewers opinions.

<u>Consideration of the Combined Effects of Plaintiff's Mental and Physical Impairments[1]</u>

---

[1] Plaintiff argues that at step four of the evaluative sequence, the ALJ committed error concerning her ability to return to her past relevant work.  However, the ALJ made alternative step 5 findings that there are other jobs in the economy that Plaintiff could perform with her limitations.  If the step five analysis was performed in accordance with applicable legal standards and is supported by substantial evidence, any step four error cannot, by itself, constitute the basis for a remand.  As a result, the court will not address Plaintiff's

Plaintiff asserts that the ALJ erred by failing to address complaints made to physicians, diagnoses, and findings.  Plaintiff argues that in so doing the ALJ failed to consider all of her impairments throughout the sequential evaluation process and thus violated the requirement to discuss the uncontroverted evidence she chooses not to rely upon as well as significantly probative evidence she rejects as required by *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996).  The court finds that the ALJ adequately discussed the medical evidence and did not err by failing to discuss every single complaint and finding present in the record between the alleged onset of disability, September 1, 2005 and the date of the decision, February 10, 2012.

The ALJ noted that Plaintiff's was diagnosed with carpal tunnel syndrome and left shoulder impingement syndrome in 2003, but there was no treatment after that time.  [R. 648].  Likewise, the ALJ noted Plaintiff's complaints made in July and August of elbow pain with numbness and tingling and observed there were no further complaints.  *Id*.  The ALJ mentioned Plaintiff's complaint of a hand tremor without muscle weakness and right shoulder pain and noted Plaintiff had full range of motion and equal bilateral grip strength. Based on the medical record and the dates of these complaints, the ALJ concluded that those conditions were not at a "severe" level for a continuous twelve month period as required for disability. *Id*.

With regard to Plaintiff's back the ALJ noted the complaints, the x-ray results, and the lack of impairment of function revealed by objective findings of normal gait, full motor strength, and normal range of motion.  *Id*.  The ALJ also noted the absence of any

---

step four allegations.

8

functional limitations due to swelling of feet and numbness.  *Id*.  While the ALJ must consider the combined effects of even non-severe impairments throughout the disability analysis, the ALJ is not required to include functional limitations in the RFC for impairments that cause no functional limitations.  The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis.  *See e.g. Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.), *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*,  243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v Apfel*, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition).

The court finds that the ALJ's RFC findings are supported by substantial evidence.

<u>Consideration of Obesity</u>

Plaintiff argues that the ALJ failed to consider the effects of her obesity on her other impairments.  Plaintiff does not, however, forward any arguments as to what those effects might be.  It is Plaintiff's duty on appeal to support her arguments with references to the record and to tie relevant facts to her legal contentions.  The court will not "sift through" the record to find support for the claimant's arguments.  *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), *United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir.

9

1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error).

Credibility

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). Throughout the decision the ALJ cited numerous grounds, tied to the evidence, for the credibility finding, including lack of support in the medical record for the degree of impairment alleged, inconsistencies in her statements, and control of Plaintiff's symptoms during periods of compliance with her medications. [R. 652-655]. The ALJ thus properly linked the credibility finding to the record, therefore the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

Plaintiff states that the ALJ noted instances of her noncompliance with medications and "appears to rely greatly on the noncompliance in finding Claimant not disabled." [Dkt. 13, p. 10]. Plaintiff argues that the ALJ failed to demonstrate that she would have been able to work had she been complaint. She offers several reasons for her noncompliance and asserts that the ALJ did not demonstrate that her failure to comply was not justified. The court finds no error in the ALJ's treatment of Plaintiff's noncompliance with her prescribed medications. The court reads the ALJ's notations of Plaintiff's noncompliance as being made in the context of comparing Plaintiff's condition when appropriately medicated to her condition when she was not taking her medications. The ALJ's

10

observations that Plaintiff's symptoms are controlled when she is compliant with prescribed medications are supported by substantial evidence.

## Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 22nd day of October, 2013.


_Frank H. McCarthy_

**FRANK H. McCARTHY**
**UNITED STATES MAGISTRATE JUDGE**

11